## YOUNG vs. KELLY.

1. Where evidence is given by each party to a suit, and no points decided by the court have been saved by a bill of exceptions, the appellate court will not disturb a verdict, especially if found by the circuit court, unless it be glaringly wrong.

APPEAL from Monroe Circuit Court.

D. TODD, for Appellant.

The appellant insists upon the following points to reverse the judgment of the inferior court.

1st. Because Young being surety only to the principal debt, is not co-security with Kelly in the same degree. The security of Kelly was personal to Fugate and for his benefit alone. Theobald on Princip. Security, 202. Contribution only exists between securities in same degree and for the same debt, *ibid*, 197.

Assumpsit lies upon express or implied promise to pay; the law will not imply a promise by one surety to pay another who contracts personally for the principal and for his benefit. 5 Johns. R. 177; 3 Bibb 228.

The recognizance on the appeal and judgment thereon, is a discharge of the original demand and the judgment on it; and when the security is discharged of the original demand, no recovery can be had for contribution.

KIRTLY, for Appellee.

The record in this case presents the single question, whether there was evidence given to the judge which warranted his finding in favor of Kelly for any amount?

I rely and shall insist upon the point that the verdict was right.

By the 1st section of the 1st article of the act to establish justices courts and to regulate proceedings therein, it is provided, "That every justice of the peace is authorized to hold a court for the trial of all actions in the two next sections enumerated; and to hear, try and determine the same according to law and equity." In the 2d section of the same article, jurisdiction is given to justices of the peace over all ac-

tions of debt, covenant and assumpsit, and all other actions founded on contract, when the debt or balance due, shall not exceed $90. See Statutes of Missouri, 1835, p. 348.

TOMPKINS, J., delivered the opinion of the court.

Abram Kelly commenced his suit before a justice of the peace in the county of Monroe, and judgment being given against him, he appealed to the circuit court in that county.

When the cause was brought into the circuit court neither party requiring a jury, it was submitted to the circuit court sitting to try the cause, both as judge and jury. A new trial was prayed for all the common reasons, and refused. Much evidence was given by each party to the suit, and no instructions were asked by either; that is to say, the court was asked to decide no point of law arising on the evidence given, although such instructions or decisions might well have been asked.— The 31st section of the act to regulte the practice in the supreme court on appeals and writs of error in civil cases, directs that, "No exception shall be taken in an appeal or writ of error, to any proceedings in the circuit court except such as shall have been expressly decided by such court."

The court as before observed was required to decide no point of law; this court then cannot tell whether or not it misconceived the law, or whether it did not believe the evidence of the plaintiff in error. The jury or court that tries a cause on the evidence has opportunities far better than this court has, to judge of the credit due such evidence ; and therefore it is always unwilling to disturb a verdict, especially one found by the circuit court, when that court has not been required to decide the law arising on the evidence given.

The judgment is affirmed.